# EXHIBIT A

FILED
5/2/2025 1259P
Cheryl Cochran Wilson
UNION COUNTY CIRCUIT CLERK
BY [signature] D.C.

**IN THE CIRCUIT COURT OF UNION COUNTY, ARKANSAS**
**6th DIVISION**

**RHONDA WELCH** **PLAINTIFF**

**vs.** **CASE NO.** 70CV-25-264-6

**CLEAN HARBORS ENVIRONMENTAL SERVICES, INC. AND CHRISTOPHER BELCHER** **DEFENDANT**

**COMPLAINT**

Comes now the Plaintiff, Rhonda Welch, by and through her attorneys, TAYLOR & TAYLOR LAW FIRM, P.A., and for her Complaint does state:

**JURISDICTION AND VENUE**

1. At all times relevant to this Complaint, Plaintiff was a resident of El Dorado, Union County, Arkansas, and a citizen of the State of Arkansas.

2. At all times relevant to this Complaint, Defendant Clean Harbors Environmental Services, Inc. was a Massachusetts for-profit corporation authorized and doing business in Arkansas.

3. At all times relevant to this Complaint, Defendant Belcher was a resident of Norwood, Norfolk County, Massachusetts.

4. The facts and circumstances giving rise to this Complaint occurred in El Dorado, Union County, Arkansas.

5. This Court has subject matter jurisdiction of this matter pursuant to Ark. Code Ann. § 16-13-201(a).

6. This Court has personal jurisdiction of the parties pursuant to Ark. Code Ann. § 16-4-101(B).

7. Venue in this county is proper pursuant to Ark. Code Ann. § 16-60-101(a)(1) (county in which a substantial part of the event or omission giving rise to the cause of action occurred) and (a)(3)(A) (county in which the plaintiff resided).

**FACTS**

8. On or about September 9, 2022, Plaintiff was exiting her vehicle in the parking lot of the Subway located in El Dorado, Arkansas.

9. Defendant Belcher, in Defendant Clean Harbors Environmental Services, Inc.'s 2019 Peterbilt, was also in the Subway parking lot.

10. After exiting her vehicle, Plaintiff leaned in the driver's side door to retrieve her wallet.

11. Defendant Belcher put the Peterbilt in reverse and began backing up.

12. Defendant Belcher backed into Plaintiff's vehicle which caused her to be pinned between her car door and the frame of her vehicle.



13. Defendant Belcher admitted fault for the collision.

**CAUSE OF ACTION #1 – NEGLIGENCE**

14. Defendant Belcher owed numerous duties to Plaintiff, and Defendant Belcher breached those duties in the following manner:

A. Reckless driving in such a manner as to show disregard for the safety of persons and property in violation of Ark. Code Ann. §27-50-308;

B. Careless and prohibited acts of driving in violation of Ark. Code Ann. §27-51-104, and other violations of applicable Arkansas traffic laws;

C. Failure to keep a proper lookout;

D. Failure to drive at a speed that was reasonable under the circumstances;

E. Failure to keep Defendant's vehicle under proper control; and

F. Failure to otherwise use ordinary care under the circumstances at the time of the collision.

15. The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence, and were a probable consequence of Defendant's breach of one or more of the above-described independent duties of ordinary care for the safety of Plaintiff.

16. Defendant should have foreseen and anticipated that a breach of one or more of the above-described independent duties to use ordinary care would constitute an appreciable risk of harm to others, including Plaintiff.

17. If Defendant Belcher had not breached one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff, then Plaintiff's injuries and damages would not have occurred.

**COMPENSATORY DAMAGES SUFFERED BY PLAINTIFF RHONDA WELCH**

18. The injuries and damages sustained by Plaintiff as a result of Defendants' breach of the above duties include, but are not limited to, the following:

A. Serious bodily injuries to Plaintiff's abdomen, pelvis, hip, and back, and other parts of Plaintiff's body;

B. Medical expenses incurred in the past, and transportation expenses to obtain such medical treatment;

C. Future medical expenses to be incurred, and transportation expenses to obtain such future medical treatment;

D. Physical pain and disability experienced in the past;

E. Physical pain and disability to be experienced in the future;

F. Loss of income in the past;

G. Loss of income in the future;

H. Loss of earning capacity due to permanent physical impairment from the injuries caused by the collision;

I. Mental anguish experienced in the past, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limited her activities;

J. Mental anguish to be experienced in the future, which includes but is not limited to Plaintiff's loss of quality of life due to permanent injuries causing chronic pain that limits her activities;

K. Any scars, disfigurement, and visible results of her injury due to "residential limitation of motion;" *Adkins v. Kelley*, 244 Ark. 199, 424 S.W.2d 373 (1968);

L. The reasonable expense of any necessary help in Plaintiff's home in the past, and reasonably certain to be required in the future, as a result of Plaintiff's injuries; and

M. Permanent bodily injuries that have been suffered, which is a life-changing event causing Plaintiff to lose the ability to enjoy a normal life.

**CAUSE OF ACTION #2 – RESPONDEAT SUPERIOR**

19. Upon information and belief, at the time of the collision, Defendant Belcher was acting within the scope of his authority as an agent of Defendant Clean Harbors Environmental Services, Inc. and/or was acting within the scope of his employment as an employee of Defendant Clean Harbors Environmental Services, Inc.

20. Therefore, the negligence on the part of Defendant Belcher is charged to Defendant Clean Harbors Environmental Services, Inc.

**AMOUNT OF DAMAGES**
**(For Jurisdictional Purposes Under Ark. R. Civ. P. 8(a))**

21. Plaintiff's injuries and damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases.

**DEMAND FOR TRIAL BY JURY**

22. Plaintiff demands a trial by jury for all issues of fact presented by this action.

**RESERVATION OF ADDITIONAL CLAIMS**

23. Upon completion of discovery, Plaintiff reserves the right to plead further to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against Defendants for the damages caused by Defendants' negligence as described above, for costs and attorneys' fees, and for all other relief at law or equity to which Plaintiff may be entitled.

Respectfully submitted,
Rhonda Welch,
*Plaintiff*

*/s/ Andrew M. Taylor*

Andrew M. Taylor, Ark. Bar No. 2005147
Amanda Amick-Lytle, Ark. Bar No. 20214241
TAYLOR & TAYLOR LAW FIRM, P.A.
12921 Cantrell Road, Suite 205
Little Rock, AR 72223
Phone: (501) 246-8004
Fax: (501) 246-8009
Email: Andy@TaylorLawFirm.com
Amanda@TaylorLawFirm.com

*Counsel for the Plaintiff*